O’Neill, J.,
dissenting.
{¶ 206} Respectfully, I dissent.
*593 {¶ 207} In addition to my belief that capital punishment is unconstitutional, see State v. Wogenstahl, 134 Ohio St.3d 1437, 2013-Ohio-164, 981 N.E.2d 900, ¶ 2 (O’Neill, J., dissenting), I dissent from the majority’s decision in this case that closure of the courtroom during Anthony Sowell’s suppression hearing was not a material error and that the error therefore can be ignored.
{¶ 208} In cases such as this that involve unspeakable horror and overwhelming evidence of guilt, it is tempting to overlook procedural safeguards and skip to the end. However in a criminal-justice system governed by the rule of law, a serial murderer’s trial is subject to the same constitutional protections as the trial of a low-level thief. Just as there is no question that closed suppression hearings may sometimes be necessary, there is also no question that the necessity must be explained. The majority correctly identifies the issue and the law regarding the closure of Sowell’s suppression hearing. However, by failing to remand this case to the trial court for a new suppression hearing that is either public or is closed only after the findings required by Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984), are made, this court has perpetuated rather than resolved a structural defect in this case.
{¶ 209} A structural defect can invalidate the result of a suppression hearing or a conviction even though there may be no reasonable doubt that the defendant is guilty and would have been convicted if the defect had not been present. Waller at 49; accord Arizona v. Fulminante, 499 U.S. 279, 309-310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). Structural defects include violations of the right to counsel at trial, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); the right to an impartial judge, Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); the prohibition of the unlawful exclusion of members of the defendant’s race from a grand jury, Vasquez v. Hillery, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); the right to self-representation at trial, McKaskle v. Wiggins, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); and the right to a public trial, Waller at 49, Fulminante at 310. The underlying principles are that “ ‘[wjithout these basic protections, a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence’ ” and that the criminal punishment cannot “ ‘be regarded as fundamentally fair.’ ” Id., quoting Rose v. Clark, 478 U.S. 570, 577-578, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).
{¶ 210} The requirement of a public trial is for the benefit of the accused and the public. Waller at 46. It is so the public can see that the defendant is treated fairly and is not unjustly condemned. Id. I cannot stress strongly enough that the right to a fair, public trial belongs both to the accused and to the citizens of Ohio with equal value. They both need to have confidence in the ultimate *594 outcome. It also serves to make those trying an accused keenly aware of their responsibility and of the importance of their task. Id.
{¶ 211} In Waller, the Supreme Court of the United States held that the right to a public trial extends to suppression hearings. Id. at 46-47. The high court has been clear, however, that the right to an open suppression hearing may give way to other interests, such as the government’s interest in shielding disclosure of sensitive information or the defendant’s right to a fair trial. Id. at 45. In such circumstances, any closure of a suppression hearing over the objection of the defendant must be supported by trial court findings that the closure is essential to preserve higher values and that the closure is narrowly tailored to serve an overriding interest. Id. Importantly, the Supreme Court requires a trial court to articulate the interest at stake along with the findings specifically enough that a reviewing court can determine whether the closure order was properly entered. Id. If these findings were not made, the remedy is a new suppression hearing. Id. at 49-50. Here, as the majority observes, the trial court identified the overriding interest at stake — the sensitive nature of the evidence and potential prejudice to the jury pool. However, as the majority also observes, the trial court failed to make the findings required under Waller to justify closing the courtroom.
{¶ 212} The majority’s conclusion that a new suppression hearing is needed only if it would result in a material change in the positions of the parties is incorrect. Reliance on State v. Bethel, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, ¶ 87, to support this conclusion is misplaced at best. The closed proceeding in Bethel was not a suppression hearing regarding statements made to the police. The purpose of the closed hearing in Bethel was to explain to Bethel the consequences of his guilty plea. Id. at ¶ 86. Significantly, Bethel withdrew his guilty plea and opted to go to trial. Id.
{¶ 213} Requiring a defendant to show a material change in the positions of the parties in order to secure the defendant’s constitutional right to a public suppression hearing is the same as requiring a defendant to demonstrate prejudice. The United States Supreme Court’s holding in Waller is clear: the closure of a suppression hearing without making the findings justifying closure is structural error. Waller, 467 U.S. at 49, 104 S.Ct. 2210, 81 L.Ed.2d 31. The remedy for this structural error is a new suppression hearing. Id. at 49-50. If, after the new suppression hearing, there is no material change in the positions of the parties or the same evidence is suppressed, then a new trial is not in the public interest. Id. at 50. It is only after the new suppression hearing is held that an examination of the positions of the parties becomes relevant or even possible.
*595 Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Christopher D. Schroeder and T. Allan Regas, Assistant Prosecuting Attorneys, for appellee.
Gamso, Helmick & Hoolahan and Jeffrey M. Gamso; and Robert L. Tobin, Cuyahoga County Public Defender, and Erika Cunliffe, Assistant Public Defender, for appellant.
Freda J. Levenson, urging reversal for amicus curiae, American Civil Liberties Union.
{¶ 214} The overwhelming evidence of Sowell’s guilt cannot cure this defect. A structural error permeates the proceeding such that the proceeding cannot “ ‘ “reliably serve its function as a vehicle for determination of guilt or innocence.” ’ ” State v. Perry, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 17, quoting Fulminante, 499 U.S. at 310, 111 S.Ct. 1246, 113 L.Ed.2d 302, quoting Rose, 478 U.S. at 577-578, 106 S.Ct. 3101, 92 L.Ed.2d 460. This court simply cannot choose to ignore the rulings of the United States Supreme Court on this issue. Cooper v. Aaron, 358 U.S. 1, 17-18, 78 S.Ct. 1401, 3 L.Ed.2d 5 (1958); State v. Burnett, 93 Ohio St.3d 419, 422, 755 N.E.2d 857 (2001) (state courts must follow decisions of the United States Supreme Court on questions of federal constitutional law). Accordingly, this case should be remanded to the trial court for a new suppression hearing that either is public or includes trial court findings justifying closure.
{¶ 215} I dissent.